ORDERED in the Southern District of Florida on April 27, 2009.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| SANFORD PHILLIP BERRIS, | CASE NO. 08-13940-BKC-AJC |
| Debtor._____/ | |
| ALAN GOLDBERG, as Chapter 7 Trustee, | ADV. NO.: 08-01603-AJC |
| Plaintiff | |
| v. | |
| STEAMPLANT CONDOMINIUMS, LLC, DAVID WILSON, STEPHEN MILLER, BRENDA WAYNE BERRIS, BILL M. BERRIS, and ELEGANT ISLAND HOMES, LLC | |
| Defendants._____/ | |

## ORDER DETERMINING THAT BANKRUPTCY COURT HAS JURISDICTION

THIS CAUSE came before the Court in Miami, Florida on December 11, 2008 at 10:00 a.m. upon the *Motion to Dismiss Amended Complaint and Motion to Strike Demand for Attorneys' Fees* [DE 12] (the "*Motion to Dismiss*") filed by Defendant Steamplant Condominiums, LLC ("Steamplant") and a *Response* [DE 24] filed by Plaintiff Alan Goldberg, as Chapter 7 Trustee ("Goldberg" or "Trustee") for the estate of Sanford Berris (the "Debtor"). Upon consideration of the *Motion to Dismiss*, *Response* and argument of counsel, it is the Court's belief that a threshold issue is whether the Court has jurisdiction over the claims asserted by Plaintiff Goldberg against Defendant Steamplant. For the reasons set forth below, the Court finds that jurisdiction is vested in the Bankruptcy Court and therefore denies the *Motion to Dismiss* to the extent it seeks dismissal based upon lack of jurisdiction.

### A. Parameters of Bankruptcy Court Jurisdiction

Original and exclusive jurisdiction is granted to the district courts under 28 U.S.C §1334(a) for all cases under Title 11 and original but not exclusive jurisdiction is granted for all civil proceedings "arising under", "arising in", or "related to" cases under Title 11. A proceeding may then be referred to the bankruptcy court pursuant to 28 U.S.C. §157 if it falls within the jurisdictional scope of 28 U.S.C. §1334. *See In re Toledo (Continental Nat. Bank of Miami v. Sanchez)*, 170 F.3d 1340, 1344-1345 (11th Cir. 1999).

The general test to determine whether a claim is "related to" a case under Title 11 was articulated by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.

*Id.* This test has been adopted by the vast majority of circuit courts and was specifically adopted by the Eleventh Circuit in *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990). The Eleventh Circuit later noted in *Toledo* at page 1345, "The key word in the *Lemco Gypsum/Pacor* test is "conceivable," which makes the jurisdictional grant extremely broad." When the resolution of a case affects the bankruptcy estate and the potential distribution available to creditors the matter falls within the broadly defined "related to" jurisdiction established by §1334(b). *Toledo,* 170 F.3d 1340, 1345-46. *See also In re Schwarzwalder*, 242 B.R. 734, 739 (Bankr. M.D. Fla. 1999); *Welt v. Sasson (In re Dollar Time Group)*, 223 B.R. 237, 240 (Bankr. S.D. Fla. 1998).

In the instant case, Plaintiff Goldberg seeks turnover and to recover damages against Defendant Steamplant for its failure to return deposit monies totaling $462,000 (the "Deposit") which were tendered to Defendant Steamplant, as developer, pursuant to a contract for the purchase and sale of a sublease interest in a condominium unit in Key West, Florida. As alleged in the *Amended Complaint*, Steamplant's pre-petition failure to substantially complete construction of the unit within the time it had to do so constituted a material breach of the purchase contract, requiring Steamplant to return the Deposit. The Deposit and the action for breach of the purchase contract, arising from Defendant Steamplant's failure to return the Deposit, became property of the estate upon the Debtor's filing of his Chapter 7 petition pursuant to 11 U.S.C. §541(a).

The balance of the named Defendants, whom have filed an answer to the *Amended Complaint,* are third parties whom, Plaintiff Goldberg alleges, contributed to the Deposit on the Debtor's behalf in the non-existent Elegant Island Homes at the Steamplant. In Count III of the *Amended Complaint*, Plaintiff Goldberg seeks a declaration that the entire Deposit belonged to the Debtor and was therefore property of the estate.

3

In its *Motion to Dismiss*, Defendant Steamplant argues *inter alia* that the Court lacks jurisdiction to entertain Plaintiff Goldberg's claims. This argument is predicated on two grounds. First, Defendant Steamplant argues that as the purchase contract purports to be executed by the Debtor, as managing member of an entity called Elegant Island Homes at the Steamplant, it is that entity which has standing to assert claims and not Plaintiff Goldberg, as trustee for the estate of Sanford Berris. Second, Defendant Steamplant argues that the purchase contract was statutorily rejected post petition and therefore the Deposit is not property of the estate. The Court finds both arguments without merit and holds that it does have jurisdiction.

### B. As Elegant Island Homes at the Steamplant Never Existed and Was Never Formed, the Debtor, as its Promoter, Had Standing to Sue for Return of the Deposit and Breach of Contract

As alleged in the *Amended Complaint*, the allegations of which the Court must accept as true,[1] the Debtor signed the purchase contract and delivered the Deposit to Steamplant acting as a promoter for a purported entity called Elegant Island Homes at the Steamplant, a corporate entity that did not exist at the time of execution of the purchase contract and has never existed. *Complaint* at ¶¶ 20-26.[2] Thus, as a contracting promoter of a non-existent entity, the Debtor became individually liable under the purchase contract and logically became a beneficiary as

---

[1] In considering a motion to dismiss, all factual allegations of the complaint are to be accepted as true and all reasonable inferences are to be construed in a light most favorable to the plaintiff. *See St. Joseph's Hospital, Inc. v. Hospital Corp. of America*, 795 F.2d 948, 954 (11th Cir. 1986).

[2] In its *Motion to Dismiss*, Defendant Steamplant argues that there is confusion as to whether another named defendant, Elegant Island Homes, LLC, which is alleged to be a validly formed Michigan limited liability, is the same as Elegant Island Homes at the Steamplant, and that therefore this issue needs to be resolved by the Court. While Defendant Steamplant has presented and argued no specific facts which could suggest that Defendant Elegant Island Homes, LLC is the same as Elegant Island Homes at the Steamplant, at a minimum, this is a factual question that cannot be resolved upon a motion to dismiss and can be developed along with other factual issues in this proceeding.

4

well. *See* Fla. Stat. § 608.4238;[3] *Ruggio v. Vining*, 755 So. 2d 792, 794 (Fla. Dist. Ct. App. 2d Dist. 2000); *Blue Paper, Inc. v. Provost*, 914 So. 2d 1048, 1051 (Fla. 4th DCA 2005) (promoter of a non-existent corporation is personally liable on a contract); *Greenfield Villages, Inc. v. Thompson*, 44 So. 2d 679 (Fla. 1950). *Accord Vodopich v. Collier County Developers, Inc.*, 319 So. 2d 43 (Fla. 2d DCA 1975); *Greenfield Villages, Inc. v. Thompson*, 44 So. 2d 679 (Fla. 1950).[4]

At the hearing upon the *Motion to Dismiss*, counsel for Defendant Steamplant argued that the cases which support the proposition that the promoter of a non-existent corporation is personally liable on a contract do not necessarily support the proposition that the same promoter is similarly the beneficiary of the contract with standing to sue. While the case law is sparse in this regard, the Court is persuaded that this is the correct result. Under Florida law, only natural persons or legal entities have capacity to sue. *See Underwriters at La Concorde v. Airtech Servs.*, 493 So. 2d 428, 429 (Fla. 1986) (J. Boyd., concurring in part and dissenting in part)("It is axiomatic that the capacity to sue in the courts of Florida attaches only to natural or legal persons") citing *Keehn v. Joseph C. Mackey and Co.*, 420 So.2d 398 (Fla. 4th DCA 1982); *see also, Associon de Perjudicatos, et al. v. Citibank, F.S.B.*, 770 So.2d 1267, 1269 (3d DCA 2000); *Cocoa Academy for Aerospace Technology v. School Board of Brevard County*, 706 So.2d 397, 398 (Fla. 5th DCA 1998) . In the instant case, as Elegant Island Homes at the Steamplant was a non-existent entity, that entity could not be the proper plaintiff with standing to

---

[3]    Fla. Stat. § 608.4238 provides:

"All persons purporting to act as or on behalf of a limited liability company, having actual knowledge that there was no organization of a limited liability company under this chapter, are jointly and severally liable for all liabilities created while so acting except for any liability to any person who also had actual knowledge that there was no organization of a limited liability company."

[4]    Florida law applies to the instant issue because "[t]he nature of a bankrupt's interest in property is determined by state law." *Ghee v. Retailers Nat'l Bank*, 271 Fed. Appx. 858, 860 (11th Cir. 2008).

5

sue. Rather, the only logical party with standing to sue was the Debtor who executed the purchase contract at issue.

While the Court notes that no Florida court has squarely addressed the issue before the Court, courts in other jurisdictions have held that the promoter of a non-existent entity does have standing to assert claims under the contract. In *Fish v. Tandy Corp.*, 948 S.W.2d 886, 890 (Tex. App. Fort Worth 1997), for example, an individual promoter of a to-be-formed entity executed a distributorship agreement two weeks before the to-be-formed entity filed its articles of incorporation. In subsequent litigation, the promoter asserted claims for fraud and breach of contract in his individual capacity as a promoter who had signed a contract on behalf of a non-existent corporation. *Id.* at 891. The Texas court held that a promoter liable under a contract could indeed also assert a claim under the contract. *Id.* at 898. The court explained that:

> notwithstanding assertions that he acted solely in contemplation of the formation of a corporation, a promoter can be personally liable for entering into a contract for an unformed corporation. Because any enforceable agreement is mutual and binding on both parties, logic dictates a promoter who is liable under an agreement may also make a claim under such a contract.

*Id.* at 898 (citations omitted). *See also White v. Dvorak*, 896 P.2d 85, 88-89 (Wash. Ct. App. 1995) (court determined that "an individual purporting to act as a corporation as a party to a contract signed in the name of a nonexistent corporation...can sue for breach of contract.").[5]

Likewise, when the United States District Court for the District of Columbia confronted this issue, the court looked to liability under the D.C. business code and the contract principals of

---

[5]  In *White*, the defendants argued that the contract was void because the dissolved corporation lacked competency to enter a contract and the contract was thus unenforceable. *Id.* The Washington court dismissed this argument and concluded that the contract was "a plain individual contract under which both parties can demand performance even though the tenor of the contract is that the proposed corporation will, when created, perform the promises the promoters make in the name of the unborn entity". *Id.* at 89 (citing *King Features Syndicate, Dept. of Hearst Corp. Int'l News Serv. Div. v. Courrier*, 241 Iowa 870, 880, 43 N.W.2d 718, 724, 41 A.L.R.2d 467 (1950))

mutuality and determined that a promoter liable for a contract signed in the name of a non-existent company could also sue to enforce the contract. *T Street Development, L.L.C. v. Dereje*, 2005 U.S. Dist. LEXIS 38713 (D.D.C. Dec. 19, 2005). In *T Street Development,* an individual, Hart, was doing business under the name of an non-existent entity, T Street Development, and Hart signed a contract for the sale of real property in his own name, although the contract named T Street Development as the "purchaser." *T Street Development,* at *3. When Hart sued for breach of contract, the defendant contended that because T Street Development was never chartered or registered in conformity with D.C. law, there was no contracting party of T Street Development because it did not exist and Hart could not be a party to the contract.

In deciding the case, the D.C. court first looked to the D.C. business code which provided that a person acting on behalf of a corporation without authority to do so was liable for all debts resulting from such actions. *T Street Development,* at *13.[6] The court found that when Hart signed the contract of behalf of T Street Development, he became liable individually under the contract. Finally, the court concluded, that although D.C. courts had not addressed the issue, the weight of sister court authority and the principle of mutuality found in all contracts required that a promoter that was liable under a contract must also have the right and standing to enforce the contract. *T Street Development,* at *15-16; *See also Gardner v. Madsen*, 949 P.2d 785, 789 (Utah Ct. App. 1997)(noting that "because the statute imposed liability on the person who assumes to act as a corporation, the contract is not void. Furthermore, the contract is enforceable by both parties. Thus, 'when a third party enters into a contract with a person purporting to act as a corporation, the third party is bound")(citations omitted).

---

[6]   "[A]ll persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." *T Street Development*, at *3 (citing D.C. Code § 29-101.139). It is worth noting that this is nearly identical to the language in Fla. Stat. § 608.4238.

7

The Court finds the reasoning set forth in the non-Florida cases cited above persuasive and believes that Florida courts would reach a similar result.

### C. Even if the Debtor Did Not Have Standing to Pursue the Deposit as a Promoter, the Debtor Contributed to the Deposit Therefore His Interest in the Deposit Vests the Court with Jurisdiction

The Court also finds compelling that adopting Defendant Steamplant's argument would create a result where no party would have standing or a remedy to compel return of the Deposit or seek damages for Defendant Steamplant's failure to return the Deposit. While such a result would obviously work in Defendant Steamplant's favor, it would be fundamentally unjust and adverse to the interests of creditors of the Debtor's estate.

As a threshold matter, as Elegant Island Homes at the Steamplant is a non-existent entity, under Florida law, it has no capacity to sue or be sued. Accordingly, the only party or parties with capacity to sue for return of the Deposit is either the Debtor, as promoter, or each party which contributed to the Deposit, which includes the Debtor. While the Court does not and need not address the merits of Plaintiff Goldberg's claim in Count III of his *Amended Complaint* that the entire Deposit belongs to the Debtor, at a minimum the Debtor possessed, as of the petition date, an interest in the Deposit, in whole or in part, and a legal claim for return of that Deposit, or his interest in the Deposit, which became property of the estate. *See* 11 USC § 541(a); *See also Grant v. Lathan Constr. Corp. (In re Construction Contrs.)*, 196 B.R. 188, 194 (Bankr. M.D. Fla. 1996)(noting that "by definition . . . contract rights represent an interest of the debtor"). This Court has jurisdiction over this property right and Plaintiff Goldberg's right to compel turnover or to recover damages against Defendant Steamplant for its failure to return the Deposit.

8

### D. As the Purchase Contract Is Alleged to Have Been Breached Pre-Petition, the Debtor's Right to Return of the Deposit and Claim for Breach Vested Pre-Petition and Became Property of the Estate

Steamplant also argues in its *Motion to Dismiss* that Plaintiff Goldberg's failure to assume or reject the purchase contract after the Debtor filed his petition removes the Deposit from being property of the estate. *Motion to Dismiss* at pg 5-7.[7] However, this argument fails because, as it alleged and therefore taken as true, the purchase contract was no longer executory as of the petition date due to Defendant Steamplant's breach, and based upon the allegations of the *Amended Complaint*, as of the petition date the Debtor was entitled to return of the Deposit. *See Complaint* at ¶ 15-18, 30 (citing the Contract at ¶ 16). *See Gibson v. Resolution Trust Corp.*, 51 F.3d 1016, 1023 (11th Cir. 1995).

Defendant Steamplant's claim that the purchase contract was executory asks the Court to presuppose that post-petition, its obligation was to complete construction and the Debtor's obligation was to pay the purchase price. However, to do so, this Court would have to find in favor of Defendant Steamplant on the ultimate issue raised in the *Amended Complaint* – that Defendant Steamplant was not in breach of the purchase contract in the first instance. The Court is not inclined to make such a ruling upon a motion to dismiss.

### E. Conclusion

The minimum basis for bankruptcy court jurisdiction is whether the outcome of the proceeding could conceivably affect the outcome of the bankruptcy case. In the instant case, accepting the well plead allegations of the *Amended Complaint* as true, this Court concludes that the outcome of this proceeding could conceivably have an affect on the Debtor's estate and the interests of creditors. While clearly the factual record in this proceeding is far from developed, to the extent the Court finds that Defendant Steamplant did breach the purchase contract, the

---

[7] While Steamplant cites to several cases dealing with rejection or assumption of a contract, none of these cases have applicability to the instant alleged facts.

Debtor and therefore Plaintiff Goldberg, as trustee, would be entitled to some portion of the Deposit, in whole or in part. This conceivable outcome vests the Court with jurisdiction to entertain the adversary proceeding and adjudicate the rights of the parties. Accordingly, it is,

**ORDERED and ADJUDGED** as follows:

1. That the Court finds that it has jurisdiction and DENIES IN PART Plaintiff's *Motion to Dismiss* to the extent it is predicated on lack of jurisdiction.

2. That a further hearing is scheduled for _May 26_, 2009 at _3:00_ p.m. at which the Court will consider any other arguments or bases raised in Defendant Steamplant's *Motion to Dismiss*.

###

Submitted by:
Kenneth B. Robinson, Esq.
RICE PUGATCH ROBINSON & SCHILLER, P.A.
Special Counsel to Trustee
101 N.E. 3rd Avenue, Suite 1800
Ft. Lauderdale, Florida 33301
Phone: (954) 462-8000
Fax:   (954) 462-4300


Copies furnished to:
Kenneth B. Robinson, Esq.
Ubaldo Perez, Esq.
Andrea S. Hartley, Esq.